UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,      : 21-cr-00044-AMD-1
                               :
     - versus -                : U.S. Courthouse
                               : Brooklyn, New York
                               :
RICHARD ARLINE, JR.,           : February 2, 2021
               Defendant       : 2:00 PM
------------------------------X


TRANSCRIPT OF CRIMINAL CAUSE FOR PLEA HEARING
BEFORE THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**
(VIA VIDEO CONFERENCE)


<u>**For the Government**</u>:          **Seth DuCharme, Esq.**
                                  Acting U.S. Attorney

                          BY:   **Elizabeth Geddes, Esq.**
                                **Maria Cruz Melendez, Esq.**
                                Assistant U.S. Attorney
                                271 Cadman Plaza East
                                Brooklyn, New York  11201


<u>**For the Defendant**</u>:          **Cesar De Castro, Esq.**
                                  Law Office of
                                  Cesar De Castro
                                  7 WTC
                                  34th floor
                                  New York, NY 10007


<u>**Transcription Service**</u>:     **Transcriptions Plus II, Inc.**
                                  61 Beatrice Avenue
                                  West Islip, NY 11795
                                  Laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  This is a Criminal Cause for a

2    Plea Hearing, docket number 21-cr-44, United States v.

3    Richard Arline, Jr.  Magistrate Judge Peggy Kuo

4    presiding.

5          Will the parties please state their appearances

6    for the record, beginning with the government.

7          MS. GEDDES:  Good afternoon, your Honor.

8          Elizabeth Geddes and Maria Cruz Melendez for

9    the government.

10          MR. DE CASTRO:  Good afternoon.

11          For Richard Arline, Jr., Cesar De Castro.

12          THE COURT:  All right.  Good afternoon,

13    everyone and Mr. Arline, you are present as well, yes?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.  This is Judge Kuo.

16          The first thing I'd like to do is to make sure

17    that we have your permission, Mr. Arline, to have this

18    proceeding by video.  Normally, we would be able to have

19    this proceeding in a courtroom where we're all together,

20    face-to-face.  Because of the pandemic, it's difficult

21    for us to do that.  The CARES Act passed by Congress, as

22    well as an administrative order of the chief judge, allow

23    us to have these proceedings by video conferencing this

24    morning (audio interference) the consent of the

25    defendant.

3

Proceedings

1           Is it okay with you, Mr. Arline, for us to

2   proceed today by video rather than in person?

3           THE DEFENDANT:  Yes, it is.

4           THE COURT:  All right.  So if there are any

5   technical difficulty, for example, if you can't hear us,

6   or things cut out, please let us know by raising your

7   hand your saying something, so that we can immediately

8   make sure that you can hear and see everything that's

9   going on, all right?

10           THE DEFENDANT:  Yes.

11           MS. GEDDES:  And your Honor?

12           THE COURT:  Yes, Ms. Geddes?

13           MS. GEDDES:  In an abundance of caution, the

14   government would also submit that there are facts in this

15   case that make it prudent to go forward today by video

16   rather than further delay today's guilty plea, or

17   anticipated guilty plea, both the victim in the case, as

18   well as the defendant, have an interest in a speedy

19   resolution of this matter and therefore, we submit that

20   it is prudent to go forward today.

21           THE COURT:  All right.  Thank you.  And I would

22   also note for the record that Judge Donnelly, the

23   district judge, has also entered an order making those

24   findings.

25           So I understand that there's an information

4

                              Proceedings
1    filed in this case and there has not yet been an
2    arraignment on that information.
3              Is that right, Mr. De Castro?
4              MR. DE CASTRO:  That's correct, your Honor.
5              THE COURT:  All right.  So the first thing,
6    we're going to do this proceeding today in two parts.
7    The first is that I will do an arraignment on the
8    information and you'll enter a plea at that point and
9    then we'll do the second part, where you change your
10   plea, as I understand you're intending to do, to one of
11   guilty, but before you enter any guilty plea, I will have
12   a discussion with you about some important things first,
13   okay?
14             So the first part is the arraignment on the
15   information.  So Mr. Arline, you've been charged in an
16   information with bribery of a witness, contrary to Title
17   18 USC Section 201(b)(3), Section 2 and then also Section
18   3551 and subsequent sections.
19             Did you get a copy of the information in this
20   case?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Did you have a chance to discuss
23   the charges or the charge in the information with your
24   lawyer?
25             THE DEFENDANT:  Yes.

5

                              Proceedings

1            THE COURT:  Do you understand what you're being

2       charged with?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Do you want me to read the

5       information out loud or do you waive a public reading of

6       the information?

7            THE DEFENDANT:  I will waive.

8            THE COURT:  And Mr. Arline, how do you plead to

9       the information, guilty or not guilty?

10           MR. DE CASTRO:  Judge, we'll plead not guilty

11      for this moment and then we're going to have an

12      application to plead guilty shortly.

13           THE COURT:  All right.  Thank you, Mr. De

14      Castro.  So that's the first part of the proceeding

15      today.

16           Mr. Arline, your lawyer tells me that you want

17      to enter a plea of guilty to the information and before

18      you do that, I need to make sure that you understand your

19      rights, the consequences of your plea and make sure that

20      you understand everything.

21           So I'm going to ask you a few questions --

22           MS. GEDDES:  And your Honor?

23           THE COURT:  Yes?

24           MS. GEDDES:  Yes, just before we proceed, I

25      would also note that the defendant has waived his right

6

                              Proceedings

1    to a grand jury returning an indictment against you.  I

2    believe that your Honor has a waiver of indictment that

3    the defendant previously signed.  I just want to make

4    sure that that's on the record --

5              THE COURT:  I will get to that.

6              MS. GEDDES:  -- and the defendant acknowledges

7    that.  Okay, thank you, Judge.

8              THE COURT:  I will get to that.  I am doing

9    everything in stages.  The first thing is just to make

10   sure that Mr. Arline understands what we're doing and I

11   need to ask you some questions, Mr. Arline, and your

12   answers should be under oath.  So I am going to ask you

13   to raise your right hand so you can take the oath to tell

14   the truth.

15             THE DEFENDANT:  (Indiscernible).

16             THE COURT:  I'm sorry, you have to speak up a

17   little bit.

18   R I C H A R D   A R L I N E ,

19        having been first duly sworn, was examined and

20        testified as follows:

21             THE COURT:  All right.  Thank you.  You can put

22   your hand down.  Thank you.

23             So now that you have sworn to tell the truth,

24   you must tell the truth.  If you were to deliberately lie

25   in response to any of my questions, you could face

7

                              Proceedings

1    additional charges for perjury and making a false

2    statement.  If you're prosecuted on those charges, any

3    statement you do make could be used against you.

4              Do you understand?

5              THE DEFENDANT:  Yes.

6              THE COURT:  All right.

7    (Background interference)

8              THE COURT:  So if I say anything during these

9    proceedings that you don't understand, please let me

10   know.  It's important that you understand everything

11   that's going on today, all right?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Okay.  So before we proceed, I have

14   been hearing a lot of (audio interference) and I also see

15   that there's somebody on the phone who is not muted and I

16   don't recognize that phone number.  So whoever you are,

17   please mute your phone.  There's a caller --

18   (AUDIO RECORDING)

19             THE COURT:  -- feedback, and disruption.  All

20   right.  Thank you.

21             So Mr. Arline, I'm just going to ask you a few

22   preliminary questions first.  What is your full name?

23             THE DEFENDANT:  Richard Arline -- Richard

24   Lafreis (ph.) Arline, Jr.

25             THE COURT:  All right.  Thank you.

8

Proceedings

1              How old are you?

2              THE DEFENDANT:  31.

3              THE COURT:  How far did you go in school?

4              THE DEFENDANT:  High school diploma.

5              THE COURT:  Did you graduate high school?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Have you had any problems

8    communicating with Mr. De Castro?

9              THE DEFENDANT:  No, ma'am.

10             THE COURT:  Are you now or have you recently

11   been under the care of a doctor or a psychiatrist for any

12   reason?

13             THE DEFENDANT:  No, ma'am.

14             THE COURT:  Are you taking any medication?

15             THE DEFENDANT:  No, ma'am.

16             THE COURT:  Have you had any alcohol to drink

17   in the last 24 hours?

18             THE DEFENDANT:  No, ma'am.

19             THE COURT:  And have you taken any drugs

20   recently?

21             THE DEFENDANT:  No, ma'am.

22             THE COURT:  As you sit here today, is your mind

23   clear?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And you understand what we're doing

9

Proceedings

1    today?

2           THE DEFENDANT:  Yes, ma'am.

3           THE COURT:  Okay.  Mr. De Castro, have you had

4    any problems communicating with Mr. Arline?

5           MR. DE CASTRO:  None whatsoever.

6           THE COURT:  In your view, is he capable of

7    understanding the nature of the charge?

8           MR. DE CASTRO:  Yes, your Honor.

9           THE COURT:  Have you discussed the charge with

10   him and what it means to plead guilty?

11          MR. DE CASTRO:  Yes, we have.

12          THE COURT:  In your view, does he understand

13   the rights that he will be waiving by pleading guilty?

14          MR. DE CASTRO:  He does.

15          THE COURT:  Do you have any concern or doubt

16   about his competence to plead here today?

17          MR. DE CASTRO:  No concerns or doubts.

18          THE COURT:  Have you advised him of the maximum

19   sentence and fine that can be imposed as a result of his

20   plea?

21          MR. DE CASTRO:  Yes, we have also discussed the

22   sentencing guidelines.

23          THE COURT:  Okay.  Thank you.  So you have the

24   right to have your guilty plea heard by a district judge.

25   In this case, it would be Judge Ann Donnelly, who is also

Proceedings

1   the judge who will sentence you.  Instead of having Judge

2   Donnelly handle the plea today, you may waive that right

3   and have a magistrate handle it, in that case, it's me.

4           So it's completely up to you if you want me or

5   Judge Donnelly to handle the plea.  It doesn't matter to

6   either one of us, it's completely your choice.  Would you

7   like me to handle the plea or would you like Judge

8   Donnelly to do it?

9           THE DEFENDANT:  It's fine if you handle it.

10          THE COURT:  All right.  And I see that there is

11  a signed consent to magistrate judge jurisdiction and

12  we'll proceed.

13          So the plea, as we mentioned earlier, there was

14  an information that charges you in this case and I

15  understand that a few moments ago you entered a plea of

16  not guilty and now you would like to change that plea to

17  guilty.

18          The information charges that or in or about and

19  between May 2020 and June 2020, both dates being

20  approximate and inclusive within the Eastern District of

21  New York and elsewhere, the defendant Richard Arline,

22  Jr., together with others, did knowingly, intentionally,

23  and corruptly, directly and indirectly offer a thing of

24  value to Jane Doe, an individual whose identity is known

25  to the United States Attorney, with the intent to

11

Proceedings

1   influence the testimony under oath and affirmation of

2   Jane Doe as a witness upon a trial, hearing, or other

3   proceeding before a court, and with intent to influence

4   Jane Doe to absent herself therefrom.

5            So I want to talk to you about a waiver of

6   indictment.  The crime that I've just described that

7   you're being charged with is a felony, which means that

8   it carries a possible punishment of more than a year in

9   prison.

10           Because it is a felony, you have a right not to

11  be prosecuted for this crime unless a grand jury finds

12  probable cause to charge you in something called an

13  indictment.

14           A grand jury is a group of 16 to 23 citizens.

15  Before the member of the grand jury could vote to bring

16  this charge against you in an indictment, at least 12 of

17  them would have to agree that there's probable cause to

18  believe that you committed the crime.

19           The information that we talked about and that

20  you received a copy of is just an accusation that was

21  written by the prosecutor.  The prosecutor did not have

22  to go to a grand jury and show probable cause before

23  filing that information.

24           If you don't waive your right to have a grand

25  jury consider your case, the prosecutor must take your

Proceedings

1    case to a grand jury if she wishes to proceed with it.

2    She could not simply use that information to prosecute

3    you.

4            Do you understand that, Mr. Arline?

5            THE DEFENDANT:  Yes, ma'am.

6            THE COURT:  Did you discuss with Mr. De Castro

7    what it means to waive your right to have a grand jury

8    consider your case?

9            THE DEFENDANT:  Yes, ma'am.

10           THE COURT:  Do you understand the right that

11   you're waiving?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  Mr. De Castro, is there any reason

14   that your client should not waive the indictment?

15           MR. DE CASTRO:  No, your Honor.

16           THE COURT:  All right.  Mr. Arline, do you wish

17   to give up your right to grand jury presentment and

18   indictment in this case?

19           MR. DE CASTRO:  Yes, I do.

20           THE COURT:  Besides the written agreement that

21   you have with the government, has anyone made any promise

22   to you (audio interference) give up your right to have

23   the grand jury consider your case?

24           THE DEFENDANT:  No, ma'am.

25           THE COURT:  Okay.  So let's go -- I see that

13

Proceedings

1  there's a waiver of indictment that was signed and so

2  I'll make note of that and make that part of the record.

3         So now let's turn to the rights that you'll be

4  giving up.  Mr. Arline, by pleading guilty to the charge,

5  you'll be giving up some very valuable rights and I want

6  to make sure that you understand those rights before you

7  decide to plead guilty.

8         You have a right under the Constitution and

9  laws of the United States to a speedy and public trial

10  before a jury.

11         Do you understand?

12         THE DEFENDANT:  Yes.

13         THE COURT:  You have the right to the

14  assistance of an attorney for your defense at any trial,

15  and at all stages of the proceeding.  If you could not

16  afford an attorney, one would be appointed for you by the

17  Court.

18         Do you understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  At trial, you would be presumed

21  innocent.  You would not have to prove anything,

22  including your innocence.  The burden is with the

23  government to present proof that convinces a jury beyond

24  a reasonable doubt that you're guilty.

25         If the government fails to meet this burden of

14
                          Proceedings

1  proof, the jury would have to find you not guilty.  Any

2  verdict by the jury, whether guilty or not guilty, would

3  have to be unanimous and all 12 jurors would have to

4  agree.

5            Do you understand?

6            THE DEFENDANT:  Yes.

7            THE COURT:  At trial, the witnesses for the

8  government would have to come court and testify in your

9  presence.

10            Mr. Arline, you disappeared from the screen for

11  a moment.  Can you still hear me?

12            THE DEFENDANT:  Yeah, I can hear you good.  I

13  think we (indiscernible) everything.

14            THE COURT:  The connection is not --

15  (Background audio interference)

16            THE COURT:  -- where the problem may be.

17            MR. DE CASTRO:  Yeah, Judge, I was going --

18  you're coming in clear but also it's strange to describe,

19  it's sort of little distortion but then (audio

20  interference) but I can understand what you're saying and

21  I think others might be experiencing it, too.

22            THE COURT:  Right.  Okay.  So if you would just

23  bear with me for a moment, I'm just going to close out

24  some of my other applications.  That might be the

25  problem.

Proceedings

1          MR. DE CASTRO:  Okay.

2     (Background conversation)

3     (Pause)

4          THE COURT:  Okay.  So I closed out my

5     applications.  Hopefully this will be clearer.  Okay.

6          MR. DE CASTRO:  Much better, Judge.

7          THE COURT:  So let me just repeat the last

8     thing I was saying.

9          Mr. Arline, at trial, witnesses for the

10    government would have to come to court and testify in

11    your presence.  Your lawyer could cross-examine those

12    witnesses and raise legal objections to the government's

13    evidence, he could offer evidence on your behalf that

14    might help you in your case.

15          If you thought there were witnesses out there

16    who could help you but who did not want to come and

17    testify, your lawyer could ask the court to make those

18    witnesses come to court and testify in your defense.

19          Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  At trial, you would have the right

22    to testify on your own behalf if you wanted to but you

23    could not be forced to.  This is because under the

24    Constitution and laws of the United States, no one can be

25    compelled to be a witness against himself.

16

Proceedings

1          So if you wanted to go to trial but chose not
2   to testify, the judge would instruct the jury that they
3   could not hold that against you.

4          Do you understand?

5          THE DEFENDANT:  Yes.

6          THE COURT:  If instead of going to trial you
7   plead guilty to the crime charged and if your guilty plea
8   is accepted, you will be giving up your right to a trial
9   and all the other rights I have just discussed.  There
10  will be no trial in this case.  You will stand convicted
11  of the crime to which you're pleading guilty, just as if
12  a jury found you guilty.

13          Do you understand?

14          THE DEFENDANT:  Yes.

15          THE COURT:  If you do plead guilty, I will have
16  to ask you certain questions about what you did in order
17  to satisfy myself that you are, in fact, guilty of the
18  charge.  You will have to answer my questions and
19  acknowledge your guilt.  This means that you'll be giving
20  up your right not to incriminate yourself.

21          Do you understand?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Are you willing to give up your
24  right to a trial and all the other rights that I have
25  just described?

17

Proceedings

 1          THE DEFENDANT:  Yes.

 2          THE COURT:  All right.  Let's turn now to your

 3  agreement with the government.  I understand that there's

 4  a written agreement in this case and Mr. Arline, do you

 5  have a copy of the agreement?

 6          THE DEFENDANT:  Yes.

 7          THE COURT:  So can you turn to the last page

 8  and tell me if that's your signature?

 9          THE DEFENDANT:  I'm going to have to go look at

10  it.

11          THE COURT:  Okay.  Well, I will just also let

12  the record reflect that the copy of the agreement with

13  the government is marked as Government Exhibit 1, all

14  right?  So Mr. Arline, do you have it?

15          THE DEFENDANT:  I'm going to have to go look at

16  it in my email.  I didn't know I needed it right now.

17          THE COURT:  Oh, okay.  Do you know the

18  government's -- you know this document I am talking

19  about?

20          THE DEFENDANT:  Yes.

21          THE COURT:  All right.  And did you have a

22  chance to read it and go over it with your lawyer?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  And do you understand what it says?

25          THE DEFENDANT:  Yes.

18

Proceedings

1          THE COURT:  At the end of the document, did you

2   sign it?

3          THE DEFENDANT:  Yes.

4          THE COURT:  By signing the agreement, do you

5   agree to be bound by all the terms of the agreement?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Does the agreement contain all the

8   promises made between the government and you in exchange

9   for your plea of guilty?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Has anyone made any other promise

12   that is causing you to plead guilty here today, other

13   than the promises contained in the written agreement that

14   you signed?

15          THE DEFENDANT:  No, ma'am.

16          THE COURT:  Did anyone make any promises to you

17   as to what your sentence will be?

18          THE DEFENDANT:  No, ma'am.

19          THE COURT:  Mr. De Castro, did you discuss the

20   agreement with Mr. Arline?

21          MR. DE CASTRO:  I did, your Honor.

22          THE COURT:  And do you believe he fully

23   understands the terms of the agreement?

24          MR. DE CASTRO:  I do.

25          THE COURT:  Did you sign it?

19

Proceedings

1          MR. DE CASTRO:  I did sign it and also, Mr.

2     Arline, I did text you because I -- in this environment,

3     sir, I did text you the signed one, so if you want to

4     just look at it right now on your phone, the signed

5     version, just to confirm that's your signature.

6          So yes, I did communicate with him and we both

7     signed it.

8          THE COURT:  All right.  And did anyone -- does

9     the agreement contain all the promises made between the

10    government and Mr. Arline in exchange for the plea of

11    guilty?

12         MR. DE CASTRO:  It does, Judge.

13         THE COURT:  All right.

14         Mr. Arline, did you have a chance to look at

15    what your lawyer texted you?

16         THE DEFENDANT:  Yes, I did.  That is (audio

17    interference), yes.

18         THE COURT:  Okay.  And is that the agreement

19    with your signature on it?

20         THE DEFENDANT:  Yes.

21         THE COURT:  All right.

22         Ms. Geddes, did you sign the agreement?  Can

23    you unmute yourself.

24         MS. CRUZ MELENDEZ:  Your Honor, my

25    understanding is that Ms. Geddes' audio was accidentally

20

Proceedings

1  muted and so I can attest on her behalf though that that

2  is, in fact, her signature.

3          THE COURT:  Okay.  So Ms. Cruz Melendez, thank

4  you.  All right.  I couldn't -- I assume that was you, as

5  you didn't identify yourself.

6          MS. CRUZ MELENDEZ:  Sorry, yes, it is Ms. Cruz

7  Melendez.  Yes, that's correct.

8          THE COURT:  Okay.  And has -- did a supervisor

9  -- do you have the agreement with you or are you -- hear

10  from Ms. Geddes?  The question is whether a supervisor

11  signed the agreement.

12          MS. CRUZ MELENDEZ:  Yes, that's correct.

13  Sorry, I had a moment of trouble here, your Honor.

14          THE COURT:  Okay.

15          MS. CRUZ MELENDEZ:  Yes.

16          THE COURT:  Ms. Cruz Melendez, are you familiar

17  with the agreement?

18          MS. CRUZ MELENDEZ:  Yes, I am.

19          THE COURT:  Okay.  Does agreement contain all

20  the promises made between the government and Mr. Arline

21  in exchange for his plea of guilty?

22          MS. CRUZ MELENDEZ:  It does, your Honor.

23          THE COURT:  All right.  Thank you.

24          So let's turn to the consequences of the plea

25  and I'll wait for Mr. Arline to show up again.  All

Proceedings

1    right.  Your video cut out but now you're back.

2            So Mr. Arline, I need to be certain that you

3    understand the consequences of pleading guilty to the

4    charge of bribery.  The charge, as I mentioned before, is

5    a violation of 18 USC Section 201(b)(3) and it carries

6    the following potential penalties.

7            There is no minimum term of imprisonment but

8    there's a 15-year maximum term of imprisonment.

9            In federal prison, there used to be a system

10   called parole and it meant that you could be sentenced to

11   some amount of time in prison but it was possible that

12   you would be released early depending on the decision of

13   a parole board.

14           Parole still exists in some states but it has

15   been abolished in the federal system and that means that

16   if you're sentenced to prison, you will not be released

17   on parole.

18           Do you understand?

19           THE DEFENDANT:  Yes.

20           THE COURT:  I didn't hear you.  Can you just

21   repeat that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  All right.  Thank you.

24           Following any prison term, a maximum term of

25   three years of supervised release could be imposed.

22

Proceedings

1  Under supervised release, you would be free, however you

2  must abide by certain restrictions and requirements and

3  you'll have to report to and be supervised by the

4  probation department.

5          If you violate any of the terms of supervised

6  release, such as committing another crime, testing

7  positive for drugs or any other condition that is

8  imposed, you could receive an additional term of

9  incarceration of up to two years without credit for time

10  served in prison or on post-release supervision.

11          With regard to a fine, you could be subject to

12  a monetary fine with a maximum fine of the greater of

13  $250,000 or three times the amount of the bribe that was

14  offered and that depends on your ability to pay.

15          And finally, there is a special assessment of

16  $100 which is mandatory and it's a condition of your

17  sentence that must be imposed.

18          Do you understand all of the consequences of

19  pleading guilty that I just described?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Were you born in the United States?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Okay.  Let me turn now to

24  sentencing.  If you plead guilty, District Judge Ann

25  Donnelly will sentence you.  I want to briefly review

23

                    Proceedings

1   with you now how Judge Donnelly will determine your

2   sentence when the time comes.

3           Did you have a chance to talk to Mr. De Castro

4   about sentencing?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Mr. De Castro, did you discuss with

7   Mr. Arline how Judge Donnelly will likely use the

8   statutory penalties, the sentencing guidelines and the

9   3553 factors to arrive at an appropriate sentence?

10          MR. DE CASTRO:  Yes, we discussed all three.

11          THE COURT:  In your view, does Mr. Arline does

12  understand the process that Judge Donnelly will use to

13  arrive at a sentence?

14          MR. DE CASTRO:  He does.

15          THE COURT:  Mr. Arline, the crime that you're

16  pleading guilty to carries the potential consequences I

17  just described.  To determine what your sentence actually

18  will be, Judge Donnelly must consider something called

19  the sentencing guidelines.  Those guidelines are just

20  that; they are a guide to help the Court determine

21  whether there should be a prison term and if so, for how

22  long, whether supervised release should be imposed, and

23  whether there should be a fine.

24          The guidelines are not mandatory but the Court

25  is required to consider them.  You and your attorney may

24

Proceedings

1    have discussed an estimated guidelines range with the

2    government.  I want to emphasize that even if you're

3    sentenced to something different from what you or the

4    government estimates the sentencing guidelines to be, you

5    will not be allowed to withdraw your plea of guilty.

6            Any estimate by the government is also not

7    binding on Judge Donnelly.  Judge Donnelly will do her

8    own sentencing guidelines calculation and that is the

9    calculation that she will use at sentencing.

10           The sentencing guidelines themselves allow a

11   judge in some circumstances to depart upward or downward

12   from the advisory guidelines range.

13           In addition, the law also requires that the

14   judge consider another set of factors which include the

15   seriousness of the crime you committed, your history and

16   background, the need for punishment and the need to deter

17   you and others from committing crimes.  These are called

18   the 3553 factors.

19           After taking all these things into

20   consideration, Judge Donnelly may sentence you to

21   something higher or lower than the range called for by

22   the advisory sentencing guidelines.

23           Do you understand?

24           THE DEFENDANT:  Yes.

25           THE COURT:  The important thing for you to

25

Proceedings

1 understand is that until you're sentenced, no one can

2 tell you exactly what guidelines will apply to your case,

3 or what your sentence will be; not your lawyer, not the

4 government's lawyer and not Judge Donnelly and not me

5 either.

6          Do you understand?

7          THE DEFENDANT:  Yes.

8          THE COURT:  To help calculate the guidelines

9 applicable to your case and to evaluate the 3553 factors

10 as she determines your sentence, Judge Donnelly will get

11 a pre-sentence report from the probation department.  The

12 report will be about you, your history, and background,

13 the charge and other relevant matters.

14          The probation department will do their own

15 guidelines calculation and will also recommend a sentence

16 that they think is appropriate.  You and your lawyer, as

17 well as the government, will have an opportunity to see

18 the report and probation department's guidelines

19 calculation and to challenge it in any way.

20          Do you understand?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Judge Donnelly will then hold a

23 sentencing hearing.  Your lawyer and the government may

24 present argument, witnesses, and evidence on any

25 sentencing issue.  You may bring family and friends to

26

Proceedings

1    court to support you.  You will also have a chance to

2    tell Judge Donnelly anything you want to say before she

3    sentences you.

4            Do you understand?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Judge Donnelly will use the pre-

7    sentence report from probation, and all the other

8    information, recommendations and arguments that she

9    receives, so she can calculate and consider the

10   applicable guidelines range, weight the 3553 factors and

11   determine your sentence.

12           Do you understand?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Under some circumstances, you or

15   the government may have the right to appeal any sentence

16   imposed on you.  You may also appeal your conviction if

17   you believe that your guilty plea today was somehow

18   unlawful or involuntary or there was some other

19   fundamental defect in these proceedings.

20           Do you understand?

21           THE DEFENDANT:  Yes.

22           THE COURT:  However, in the agreement with the

23   government, you've agreed that you will not file an

24   appeal or otherwise challenge your conviction or your

25   sentence, as long as the Court imposes a term of

27

Proceedings

1    imprisonment of 21 months or less.

2              You've also agreed to waive the right to raise

3    an appeal or on collateral review, any argument that the

4    statute to which you're pleading guilty is

5    unconstitutional and the conduct to which you are

6    admitting does not fall within the scope of the statute.

7              Do you understand that's what you've agreed to?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Has anyone forced you or threatened

10   you to make you waive your rights to appeal or any other

11   rights?

12             THE DEFENDANT:  No.

13             THE COURT:  Ms. Geddes, is there anything else

14   in the agreement or anything else that I need to review

15   with the defendant?

16             MS. CRUZ MELENDEZ:  Your Honor, this is Ms.

17   Cruz Melendez.  No, there is nothing further.

18             THE COURT:  Okay.  Thank you.

19             And Mr. De Castro, do you know any reason why

20   Mr. Arline should not plead guilty?

21             MR. DE CASTRO:  No, your Honor.

22             THE COURT:  Are you aware of any viable legal

23   defense to the charge?

24             MR. DE CASTRO:  I am not.

25             THE COURT:  Mr. Arline, do you have any

28

Proceedings

1  questions you would like to ask me about the charge, your

2  rights, the agreement, or anything else before we

3  proceed?

4          THE DEFENDANT:  No, ma'am.

5          THE COURT:  Are you ready to plead at this

6  time?

7          THE DEFENDANT:  Yes, Judge.

8          THE COURT:  Mr. Arline, what is your plea to

9  violating 8 USC Section 201(b)(3), guilty or not guilty?

10          THE DEFENDANT:  Guilty.

11          THE COURT:  Are you making this plea of guilty

12  voluntarily and of your own free will?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Has anyone threatened or forced you

15  to plead guilty?

16          THE DEFENDANT:  No.

17          THE COURT:  Has anyone made any promise to you

18  as to what your sentence will be?

19          THE DEFENDANT:  (Audio interference).

20          THE COURT:  Earlier, I read the portion of the

21  information which describes what you're being charged

22  with and I want you to tell me now in your own words what

23  happened between May and June of 2020 with regard to your

24  bribing a witness.  Can you tell me what you did?

25          THE DEFENDANT:  Between May 2020 and June 2020,

29

Proceedings

1  me and another person offered Jane Doe money if she did
2  not go forward with her complaint or testimony against
3  Robert Kelly, or give electronic devices in the (audio
4  interference) Kelly.
5       I knew Robert Kelly was being arrested and was
6  going to have a trial in Brooklyn, New York.  I knew what
7  I did was wrong and I'm sorry.
8       THE COURT:  All right.  Thank you, Mr. Arline.
9       I apologize for this but the audio was a little
10 bit unclear at some point when you talked.  You talked
11 about an electronic device, so can you just either repeat
12 that or explain what you meant about the electronic
13 device.
14      THE DEFENDANT:  Now I was saying Jane Doe --
15 basically, if she did not go forward with her complaint
16 or testimony against Robert Kelly or give any electronic
17 evidence, devices or evidence, she might have against
18 Robert Kelly.
19      THE COURT:  I see.  Okay.  Thank you.  Thank
20 you for that.  And you said -- you didn't say that you
21 were in Brooklyn but you understood the trial would be
22 occurring in Brooklyn; is that right?
23      THE DEFENDANT:  Yes.
24      THE COURT:  Mr. De Castro, is there anything
25 you want to add to that?

30

Proceedings

1          MR. DE CASTRO:  No, your Honor, thank you.

2          THE COURT:  Ms. Cruz Melendez or Ms. Geddes, is

3    there anything you would like to add?

4          MS. CRUZ MELENDEZ:  No, your Honor.

5          THE COURT:  So Mr. Arline, based on the

6    information you gave me, I find that you are fully

7    competent and capable of entering an informed plea, that

8    you are acting voluntarily, and that you fully understand

9    the charge, your rights and the consequences of your

10   plea.  I also find that there is a factual basis for your

11   plea.

12          I will therefore recommend that your plea of

13   guilty to bribery be accepted.

14          So the next step, Mr. Arline, is that you'll

15   meet with somebody from the probation department to

16   prepare the pre-sentence report.  I urge you to cooperate

17   with them, obviously with your lawyer's advice.  You must

18   be truthful and forthcoming with them.

19          The sentencing before Judge Donnelly, as I

20   understand it, is scheduled for June 9th at 10:30 a.m.

21   Eastern Time.  Okay?

22          Now before we finish the proceedings, there --

23   I need to read a statement with regard to the new

24   Criminal Rule of Procedure 5(f) with regard to the

25   government's Brady obligations.

31

Proceedings

1        Now even though there's been a guilty plea in

2   this case, the Brady obligations extend to information

3   with regard to sentencing.  So I want to make sure that

4   this is on the record.

5        "Pursuant to Federal Rule of Criminal Procedure

6   5(f), I remind the prosecution of its obligation under

7   Brady v. Maryland and its progeny, to disclose to the

8   defense all information, whether admissible or not, that

9   is favorable to the defendant, material either to guilt

10  or to punishment, and that is known to the prosecution.

11  The prosecution must make good faith efforts to disclose

12  such information to the defense as soon as reasonably

13  possible."

14        I will enter a written order that more fully

15  describes this obligation and the possible consequences

16  of failing to meet it and I direct the prosecution to

17  review and comply with that order.

18        Does the prosecution confirm that it

19  understands its obligations and will fulfill them?

20        MS. CRUZ MELENDEZ:  Yes, your Honor.  This is

21  Ms. Cruz Melendez.  We do understand our obligation.

22        THE COURT:  All right.  Thank you, everyone.

23        Mr. De Castro, is there anything else that we

24  need to go over?

25        MR. DE CASTRO:  No, your Honor, thank you very

32

Proceedings

1    much.

2          THE COURT:  Okay.  And Ms. Cruz Melendez,

3    anything further from the government?

4          MS. CRUZ MELENDEZ:  Your Honor, I apologize.  I

5    should've added this earlier.  I just wanted to make

6    clear that with respect to the defendant's statement, as

7    to references of Kelly and his arrest, that the reference

8    to United States v. Kelly, 19-cr-286, which is occurring

9    within this district in Brooklyn in the Eastern District

10   of New York.

11         THE COURT:  All right.  Thank you.  Mr. Arline

12   -- I did say that it was occurring in Brooklyn, but thank

13   you for providing the specific citation to that case.

14         MS. CRUZ MELENDEZ:  You're welcome.

15         THE COURT:  All right.  Thank you, Mr. Arline.

16         THE DEFENDANT:  Thank you.  Thank you, (audio

17   interference).

18         THE COURT:  Thank you for being here today and

19   thank you everybody for your participation.  This will

20   conclude the proceeding.

21                    (Matter Concluded)

22                         -o0o-

23

24

25

33

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **3rd** day of **February** 2021.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656
Transcriptions Plus II, Inc.